**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL HEALTH SYSTEM, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 15-8288 (MAS) (LHG) |
| EROL VEZNEDAROGLU, M.D., et al., | |
| Defendants. | **MEMORANDUM OPINION** |
| GLOBAL NEUROSCIENCES INSTITUTE, LLC, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 16-1972 (MAS) (LHG) |
| CAPITAL HEALTH SYSTEM, INC., et al., | (Consolidated with No. 15-8288) |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Consolidated Defendant Alireza Maghazehe, Ph.D., FACHE's ("Dr. Maghazehe") Motion for Reconsideration pursuant to Local Civil Rule 7.1(i). (ECF No. 129.) Consolidated Plaintiffs Erol Veznedaroglu, M.D.; Global Neurosciences Institute LLC ("GNI"); Kenneth Liebman, M.D.; Mandy Binning, M.D.; Zakaria Hakma, M.D.; Gerald Eckardt, M.D.; and Vikas Rao, M.D. (collectively, "Consolidated Plaintiffs") opposed. (ECF No. 135.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court DENIES Dr. Maghazehe's Motion for Reconsideration.

## I.   <u>Procedural History</u>

On February 27, 2017, the Court issued a decision on four motions to dismiss, including a motion to dismiss filed by Dr. Maghazehe. (Mem. Op., ECF No. 123.) Upon reviewing Dr. Maghazehe's motion to dismiss, the Court determined that the Consolidated Plaintiffs adequately pled claims against Dr. Maghazehe under the federal and New Jersey Racketeer Influenced and Corrupt Organization ("RICO") statutes. (*Id.* at 23-25.) Dr. Maghazehe now brings the instant Motion, seeking the Court's reconsideration with respect to these claims. (Dr. Maghazehe's Moving Br. 1-14, ECF No. 129-1.)

## II.   <u>Legal Standard</u>

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) "an intervening change in controlling law"; (2) "new evidence not previously available"; or (3) "to correct a clear error of law or prevent manifest injustice." *See id.* (citation omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the [C]ourt to rethink what it ha[s] already thought through." *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (second alteration in original) (citation omitted). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III. __Discussion__

Here, Dr. Maghazehe fails to establish adequate grounds for reconsideration. Dr. Maghazehe's Motion is predicated on an unpublished bench decision issued by the New Jersey Superior Court, Law Division, Civil Part (the "Law Division") in Mercer County, New Jersey, in *Karabulut v. Capital Health System, Inc.*, No. MER-L-1035-16 (N.J. Super. Ct. Law Div. Mar. 2, 2017). As unpublished bench decisions from the Law Division do not constitute controlling authority on the interpretation of the New Jersey or federal RICO statutes, the first ground for reconsideration—whether there is an intervening change in controlling law—has not been satisfied. Additionally, Dr. Maghazehe does not make any arguments with respect to the second ground for reconsideration—whether there is new evidence not previously available. Dr. Maghazehe's motion, therefore, appears to rest on the third ground for reconsideration— whether the Court's prior decision constituted a clear error of law or would result in manifest injustice. Upon review of the parties' submissions, the Court finds that Dr. Maghazehe has failed to demonstrate a clear error of law or manifest injustice.

Dr. Maghazehe argues that Consolidated Plaintiffs allege mail fraud and wire fraud as the predicate acts underlying the RICO claims, but fail to allege that the purported fraud was for obtaining money or property. (Dr. Maghazehe's Moving Br. 4-11.) In response, Consolidated Plaintiffs argue that their allegation that Dr. Maghazehe's scheme to steal GNI's practice and patients is adequate to survive a motion to dismiss. (Consolidated Pls.' Opp'n Br. 9-12.) Dr. Maghazehe's arguments are not appropriate grounds for reconsideration, as they have already been presented to the Court in Dr. Maghazehe's original motion to dismiss and he now asks the Court the rethink what it has already considered. (*See* Dr. Maghazehe's Mot. to Dismiss 11-17, ECF No. 105-1.) Moreover, after reviewing the parties' submissions, the Court does not find clear

error in its prior determination that the issues raised by Dr. Maghazehe are more appropriate for summary judgment.

## IV. Conclusion

For the reasons stated above, the Court DENIES Dr. Maghazehe's Motion for Reconsideration. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** August 1, 2017