UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

April 29, 2021

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re:   *Capital Health Systems, Inc. v. Veznedaroglu et al.*
      Civil Action No. 15-8288 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court upon Plaintiff[1] Alireza Maghazehe's Appeal of Magistrate Judge Goodman's September 9, 2020 Letter Order. (ECF No. 351.) Defendants Global Neurosciences Institute, LLC ("GNI"), Drs. Erol Veznedaroglu, Kenneth Liebman, Mandy Binning, and Zakaria Hakma. (collectively, "Defendants") opposed (ECF No. 359), and Plaintiff replied (ECF No. 362). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms Judge Goodman's September 9, 2020 Letter Order. (ECF No. 344.)

**I.   Background**

This matter's underlying facts and procedural history are known to the parties, and therefore the Court only recites those facts necessary to resolve the instant dispute. Plaintiff is President and CEO of Capital Health Systems, Inc. ("Capital Health"). Dr. Maghazehe and Capital Health (collectively "Plaintiffs") allege, *inter alia*, that Defendants used improper means to access confidential information from Capital Health, violated a non-solicitation provision, and stole Capital Health's Transfer Hotline. (Second Am. Compl. at ¶¶ 86–92, ECF No. 101.)

Defendants subsequently filed a Complaint and Demand for Jury Trial under a separate docket (RICO Compl., *Glob. Neurosciences Inst. v. Cap. Health Sys.*, No. 3:16-cv-1972 (D.N.J. Apr. 13, 2016), ECF No. 1), which was consolidated into this action on April 13, 2016. (Consol.

---

[1] This appeal was filed on behalf of Dr. Maghazehe. However, Maghazehe and his employer, Capital Health Systems, Inc., filed the underlying complaint as co-plaintiffs. In the cross-complaint that was consolidated with this matter Maghazehe and CHS are designated as "Consolidated Defendants." For ease of reference, Maghazehe and CHS will be referred to here collectively as "Plaintiffs" and Global Neurosciences Institute, LLC et al. as "Defendants."

Order, ECF No. 85.) On May 23, 2016, Defendants filed a consolidated RICO Case Statement, as ordered by Judge Goodman, wherein they alleged that Plaintiffs engaged in a broad and systematic scheme to misappropriate the GNI neurosurgery practice (RICO Case Statement at 32, ECF No. 97). The RICO Case Statement also includes a copy of a complaint filed against Capital Health by Dr. Nigahus Karabulut ("Dr. Karabulut") on May 17, 2016 in the Superior Court of New Jersey. (*Id.* at 14, 24, 30; Ex. B).

Discovery in this matter took place over the course of 2017 and 2018, with extended fact discovery ultimately set to conclude by November 30, 2018. The schedule was amended several times as the parties engaged in discovery (ECF Nos. 144, 148, 155, 180, 188, 197, 204, 232), and filed numerous discovery-related and other motions. *See, e.g.*, ECF Nos. 151, 166, 167, 168, 209 (motions to compel discovery from a third party); ECF No. 162 (motion to disqualify counsel); ECF No. 66 (motion for reconsideration); ECF Nos. 82, 213 (motions to amend).

On November 26, 2019, Judge Goodman denied Capital Health's Motion to File a Third Amended Complaint (Mot. to Am., ECF No. 213), which sought relief based on allegedly concealed evidence that Capital Health said it was only able to discover through third-party subpoenas. (*See* Order Den. Mot. to File Third Am. Compl. at 6, ECF No. 247.)

In its ruling, the Court rejected Capital Health's argument that it had good cause to amend at that late stage because Defendants had allegedly concealed evidence of their fraudulent behavior in discovery. (*Id.* at 14.) The timeline of the case contradicted Capital Health's diligence argument: it showed that Capital Health had obtained the critical information by April 25, 2018, i.e., more than a year prior to filing its Motion to Amend. (*Id.* at 12–15.)

Further, the Court entered two amended pretrial scheduling orders (ECF Nos. 180, 188), both prepared by Capital Health, *after* Capital Health received the subpoenaed documents with the information that formed the basis for its proposed amendments. (*Id.* at 13.) Yet, at no point did Capital Health ask the Court to extend the deadline to file a motion to amend the pleadings. (*Id.* at 14) Consequently, the Court denied the Motion to Amend because Capital Health failed to act with appropriate diligence. (*Id.* at 16–17.)

The Motion to Strike

On March 9, 2020, Plaintiffs again alleged discovery violations by Defendants, this time in a Motion to Strike and for Sanctions (Mot. to Strike, ECF No. 301.)

In particular, Plaintiffs alleged that:

(1) **Defendants intentionally concealed damaging communications** that were ultimately obtained via third-party subpoena from ECG Consultants, a management consulting firm hired by GNI (Pls.' Br. in Supp. of Mot. to Strike at 4–7, ECF No. 302);

(2) **Defendants submitted false answers to interrogatories and failed to supplement their Rule 26 disclosures.** Although Defendants indicated they had fully disclosed available information regarding the witnesses referred to in paragraphs 90 and 129 of

2

their initial RICO Complaint, (*id.* at 11), Plaintiffs allege that Defendants knew and withheld the names of these witnesses for nearly two years. (*Id.* at 11–12) Despite not supplementing their disclosures with the names of these witnesses, Defendants relied on their statements in various filings, including their Opposition to Plaintiffs' Motion for Summary Judgment (Defs.' Opp'n to Mot. Summ. J., ECF No. 291) (Mem. Supp. Mot. Strike, at 17);

- (3) **Defendants failed to identify Dr. Karabulut as an individual likely to have discoverable information** in their Initial Disclosures. (*Id.* at 17) Yet they relied on a declaration by Dr. Karabulut (the "Karabulut Declaration," see Ex. 37 to Coccia Decl., ECF No. 291) in their opposition to Capital Health's Motion for Summary Judgment. (*Id.* at 17). Further, Plaintiffs alleged that the Karabulut Declaration directly contradicts testimony that was provided by Defendants in Dr. Karabulut's New Jersey Superior Court litigation against Capital Health. (*Id.* at 17–18).

Based on these claims, Plaintiffs asked the Court to strike from Defendants' opposition to Plaintiffs' motion for summary judgment the Karabulut Declaration and all information and witnesses not disclosed by Defendants pursuant to Federal Rule of Civil Procedure 26,[2] as well as to impose financial sanctions on Defendants for their discovery abuses pursuant to Rule 37(c). (*Id.* at 24–25.)

<u>Judge Goodman's Ruling</u>

In her September 9, 2020 Letter Order denying the motion (Letter Order at 8, ECF No. 344), Magistrate Judge Goodman examined each of these allegations in turn.

With respect to the first claim, Plaintiffs did not specifically ask for any remedy or sanctions. Rather, as clarified in their Appeal, they presented the allegations that Defendants withheld damaging emails to illustrate the broader pattern of Defendants' discovery abuses. Judge Goodman noted that she had already addressed the allegations in the context of Plaintiffs' Motion to Amend the Complaint, which Judge Goodman denied on November 26, 2019. (Order Den. Mot. to Am., ECF No. 247.)

Judge Goodman found Rule 37 sanctions inapplicable to this claim, because Plaintiffs ultimately obtained the allegedly-concealed discovery within the fact discovery period through their third-party subpoena. (Letter Order at 8.) Judge Goodman noted that where a discovery abuse is "harmless," no relief can be granted. (*Id.*, (citing Fed. R. Civ. P. 37(c)(1)).)

Judge Goodman next considered whether Defendants violated Rule 26 by failing to amend their initial disclosures and provide the identities of the so-called mystery witnesses. These witnesses are former Capital Health patients and physicians who were referenced in the RICO Statement, but were not initially identified by name. Judge Goodman noted that these individuals were in fact identified by name in the second deposition of GNI Chief Operating Officer Don Damico on October 28, 2018, and thus "made known" to Plaintiffs within the meaning of Rule

---

[2] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure.

26(e)(2) before the close of fact discovery. (*Id.* at 9.) As Defendants note, some of these witnesses were also identified in the August 28, 2018 deposition of Dr. Mandy Binning. (Defs.' Br. in Opp'n Mot. to Strike at 6, ECF No. 327.)

Since the contested information was ultimately provided to Plaintiffs within the fact discovery period, Judge Goodman reasoned there could be no discovery violation absent a showing of prejudice due to the delay in disclosure. (Letter Order at 9.) Judge Goodman found that Plaintiffs failed to make the required showing of harm. (*Id.*) Judge Goodman, therefore, found no ground for sanctions or for the extreme remedy of excluding the contested evidence. (*Id.*)

Finally, Judge Goodman addressed the allegation that Defendants violated Rule 26 by failing to disclose Dr. Karabulut as a witness likely to have discoverable information. (*Id.*) Judge Goodman agreed with Defendants that, because Karabulut was mentioned seventeen times in the RICO Statement, his identity as a material witness was "otherwise made known" within the meaning of Rule 26(e)(2) before the end of fact discovery. (*Id.* at 9–10.) The Court, therefore, found no basis for sanctions or for striking the Karabulut Declaration from Defendant's Motion for Summary Judgment. (*Ibid.*)

In this Appeal, Plaintiffs assert that Magistrate Judge Goodman's denial of the Motion to Strike was clearly erroneous for several reasons and should be reversed. This Court disagrees and affirms.

## II.  Legal Standard

A magistrate judge's resolution of a non-dispositive matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge "misinterpreted or misapplied [the] applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149 (*citing Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. Cty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149 (stating a magistrate judge is "accorded wide discretion in addressing non-dispositive motions"). Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting

4

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III. Discussion

As a threshold matter, the parties here disagree on the standard of review applicable to Judge Goodman's denial of Plaintiffs' Motion to Strike. Plaintiffs adopt the "clearly erroneous" or "contrary to law" standard of Rule 72(a). (Pls.' Br. Supp. App. at 20–21, ECF No. 352.) Defendant argues that a more deferential standard applies because the Letter Order pertained to discovery matters. (Defs.' Br. Opp'n App. at 16–17, ECF No. 359.)

This Court finds that Judge Goodman's ruling, centering on analysis of Rule 26(a) and (e) and Rule 37, concerns a discovery dispute, and therefore, "the abuse of discretion standard clearly applies." *Fagan*, 2018 WL 2859541, at *3 (internal quotation marks and citation omitted) (collecting cases); *see also Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2011 WL 1458063, at *2 (D.N.J. Apr. 14, 2011) (citation omitted) ("This deferential standard 'is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings.'"). This Court, accordingly, applies the more deferential standard of review.

Turning to Plaintiffs' arguments on Appeal, they contend in their Memorandum in Support that Judge Goodman's decision should be reversed because:

(1) It failed to address Defendants' alleged false statements in their interrogatories, depositions, and other communications regarding the mystery witnesses (Mem. Supp. App. at 21);

(2) It erred in finding that Defendants' intent to rely on Dr. Karabulut as a witness was "clear and unambiguous" in the RICO Case Statement (*Id.* at 31);

(3) It erred in finding that Plaintiffs suffered no harm as a result of the delays or failure to disclose, when in fact these actions impaired Plaintiffs' defense of the RICO claims (*Id.* at 23–24); and

(4) It improperly shifted the burden onto Plaintiffs to remedy discovery abuses by Defendants through discovery extensions and motions to compel, instead of holding Defendants accountable for their alleged discovery violations (*Id.* at 26).

Regarding the first claim, it is true that Judge Goodman did not specifically opine on whether Defendants made false statements in their interrogatories and other communications. This, however, is not the relevant inquiry in a motion to exclude evidence and for sanctions for an alleged violation of Rules 26(a) and (e).

A party is obligated to amend its initial disclosures only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process

5

or in writing[.]" Fed. R. Civ. P. 26(e). Judge Goodman properly considered whether the allegedly withheld information—i.e. the identities of the mystery witnesses—was ultimately disclosed or "otherwise made known" to Plaintiffs within the fact discovery period. (Letter Order at 8-9.)

The deposition transcripts of Dr. Mandy Binning and Don Damico make clear that the information was disclosed several weeks before the end of the fact discovery period. (2018 Damico Dep. Tr. 13:18-21, 73:18-23, 116:21-25, 125:5-23, Ex. 6 to Coccia Decl., ECF No. 327-1; Binning Dep. Tr. 223:24-225:9, 227:3-8, Ex. 4 to Coccia Decl., ECF No. 327-1.)

Plaintiffs point out that this disclosure only happened during the *extended* fact discovery period. (Pls.' Br. Supp. App. at 23.) While the court does find troubling the late timing of these disclosures, Plaintiffs offer no authority as to why that fact alone should alter the court's analysis. Thus, we find no error in Judge Goodman's conclusion that no Rule 26(a) violation occurred, and therefore no sanctions or exclusion were warranted based on these facts.

Turning to Plaintiffs' second claim, while Defendants did not specifically list Dr. Karabulut as a witness in their initial disclosures, Judge Goodman found that Plaintiffs' intent to use him as a witness was otherwise made known through their filings. (Letter Order at 9–10.)

In particular, not only did the RICO Case Statement reference Dr. Karabulut seventeen times (RICO Case Statement at 29–32), but the Case Statement itself was referenced several times both in Defendants' Initial Disclosures and in Defendants' responses to Plaintiffs' First Set of Interrogatories (See Exs. 2, 3 of Coccia Decl., ECF No. 327). Judge Goodman determined that this made the Plaintiffs' intent to use him as a witness "clear and unambiguous." (*Id.* citing *Pfizer v. Teva*, No. 04-754, 2006 U.S. Dist. LEXIS 74611, at *8–10 (D.N.J. Oct. 13, 2006) (finding that disclosures that are not facially apparent and require the drawing of further inferences are insufficient for Rule 26 purposes).

The determination of whether an alleged disclosure satisfies the "otherwise made known" requirement is ultimately fact- and case-specific. *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 WL 1849913, at *4 (D.N.J. May 7, 2010) (citations omitted). Given the numerous references to Dr. Karabulut in Defendants' papers, the Court agrees with Judge Goodman's conclusions here. Additionally, as Judge Goodman has been assigned to this matter for more than five years, the Court finds it particularly appropriate to defer to Judge Goodman's fact- and case-specific determination on this issue.

In their third grounds for appeal, Plaintiffs object to Judge Goodman's finding that Plaintiffs failed to show "how [they were] harmed by the GNI Defendants' alleged actions." (Letter Order at 9.) Plaintiffs argue that Defendants' alleged delays and concealments left them with insufficient time to conduct discovery on these witnesses, once identified. (Pls.' Br. Supp. App. at 23–24.) They assert that this delay impaired their defense of the RICO claims, since they were unable to fully investigate the witnesses and claims against them prior to briefing on the Motion for Summary Judgment. (*Id.* at 24.)

In her ruling, Judge Goodman considered and ultimately declined to credit this argument, which was raised in Plaintiffs' Motion to Strike. (Mot. to Strike at 20–22.) Because the mystery

6

witnesses were disclosed during the fact discovery period, Judge Goodman looked to whether Plaintiffs were harmed by the witnesses "not having been identified sooner." (Letter Order at 9.) Finding no such harm, she found no basis for sanctions. (*Id.*) Likewise, Judge Goodman noted that because Dr. Karabulut's identity as a witness was "otherwise made known" during fact discovery, there was no basis for excluding the Karabulut Declaration. (*Id* at 9-10.)

The Court finds no abuse of discretion in Judge Goodman's decision not to exclude these witnesses or the Karabulut Declaration. Exclusion "is an 'extreme' sanction ... not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.") *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977) (internal citations omitted) (overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).) Applying a deferential standard of review, we find no basis for disturbing her ruling.

Finally, Plaintiffs object to Judge Goodman's finding that they could have, but failed to remedy the alleged discovery abuses through additional discovery motions. (Pls.' Br. Supp. App. at 26.) Judge Goodman pointed out, for instance, that Plaintiffs never filed a Motion to Compel in order to determine the names of the mystery witnesses. (Letter Order at 8.)

Nor did Plaintiffs, once the witnesses were identified, request an extension of time to investigate the witnesses or conduct additional depositions. (*Id.* at 9) Plaintiffs' claims, in this Appeal, that making such a motion would have appeared frivolous or overly litigious is unconvincing. We find no improper burden shifting in Judge Goodman's observation that Plaintiffs could have filed additional discovery motions to cure the alleged discovery abuses.

The Court finds Judge Goodman did not abuse her discretion in denying Plaintiffs' Motion to Strike and finding no violation of Rule 26 by Defendants. Judge Goodman's comprehensive opinion clearly delineates her reasoning as to why Plaintiffs' motion was denied.

The Court, accordingly, affirms Judge Goodman's September 9, 2020 Letter Order.

### IV. Conclusion

Plaintiffs failed to demonstrate that Judge Goodman abused her discretion in denying the Motion to Strike and for Sanctions. The Court, accordingly, affirms Judge Goodman's September 9, 2020 Letter Order.

### V. Order

Based on the foregoing, and for other good cause shown,

**IT IS** on this 29th day of April 2021 **ORDERED** that:

Plaintiffs' Appeal of Magistrate Judge Decision (ECF No. 344) is **DENIED**.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**